59 CCPA
**MINNESOTA MINING AND MANUFAC-
TURING COMPANY, Appellant,**

v.

**ELECTRONIC MEMORIES, INC.,
Appellee.**

**Patent Appeal No. 8702.**

United States Court of Customs
and Patent Appeals.

March 23, 1972.

Charles H. Lauder, St. Paul, Minn., attorney of record, for appellant.

Samuel Lindenberg, Los Angeles, Cal., attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, one member dissenting, 162 USPQ 458 (1969), dismissing an opposition by Minnesota Mining and Manufacturing Company, appellant, against an application of Electronic Memories, Inc., appellee.

Appellee filed an application to register the stylized mark "EM", hereinafter reproduced, for magnetic core electronic

**1392**

memories, asserting first use of the mark on June 20, 1966.

[A5639]

Appellant is the owner of more than sixty registrations of the mark "3M," reproduced below, for many and diverse products pertaining to many and diverse fields of trade. The opposition is based on the grounds that appellee's mark so resembles that of appellant as to be likely when applied to appellee's goods to cause confusion, or to cause mistake, or to deceive (15 U.S.C. § 1052(d)).

[A5640]

The somewhat voluminous record reveals that for many years appellant has used the mark 3M both as a trademark and as a corporate identification in connection with the manufacture and sale of many products, numbered in the thousands, which range from sandpaper to highly sophisticated and complex items of electronic hardware for data processing systems. The market for appellant's products ranges throughout the United States and many foreign countries. The products are supplied to governmental agencies, industrial and commercial organizations, hospitals, schools, and members of the general public. Taking the years 1966 and 1967 alone, total sales under the mark 3M exceeded $2 billion. In 1967, in excess of $14 million was spent in promoting appellant's various products through a wide range of advertising media, including radio, television and consumer trade publications.

The board found, and our review of the record compels agreement, that the most pertinent of the products sold by appellant, certainly those upon which it appears to primarily rely, are magnetic instrumentation tapes which are used as memories or information storage devices in computers. Sales of these products, approximating $50 million a year, are promoted through trade publications directed to the data processing fields, the market consisting of manufacturers and users of computers.

Appellee uses the EM logo in connection with the sale of magnetic core memories or information storage devices for computers. As in the case of appellant's magnetic instrumentation tapes, appellee's products are sold to manufacturers or users of computers and promoted in trade publications directed to the data processing field.

Priority of use resides with appellant and while the goods of the respective parties have specific differences, they consist of magnetic memories for computers which we think so closely related as not to offer a distinction for purposes of determining likelihood of confusion. The sole issue, therefore, is whether or not the resemblances between the marks themselves are such as would be likely, when applied to the goods, to cause confusion or mistake or to deceive. In that regard, we note that the goods of the parties are highly sophisticated, technical and expensive. They are not sold in the open market but are purchased through purchasing agents representing large concerns and on specifications set and defined by computer design engineers or other technical personnel representing the purchasing customers.

Thus, considering the competing marks 3M and EM, particularly in view of the fact that discriminating customers are involved, we agree with the board that:

> * * * the marks * * * do not look alike. And, while it is true * * * that there is some similarity between them in sound, it is not in our opinion, considering the nature and high cost of the goods and the care which would ordinarily be exer-

cised in the purchase thereof, sufficient to cause confusion or mistake or to deceive.

After a thorough review of the record and consideration of the cases cited, we are not persuaded of reversible error in the decision of the board dismissing the opposition; accordingly, we affirm.

Affirmed.